IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

_____

| | |
|---|---|
| FREDDIE JOE LAWRENCE, | Cause No. CV-07-36-H-DWM-RKS |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| MIKE MAHONEY, et al. | TO DISMISS COMPLAINT |
| Defendants. | |

_____

Currently pending before the Court is Plaintiff Freddie Joe Lawrence's Complaint filed pursuant to 42 U.S.C. § 1983 (Document 2).

## I. STATEMENT OF THE CASE

### A. Jurisdiction

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants deprived him of his personal property. The Court has liberally construed this allegation to be an attempt to state a claim for deprivation of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution. Accordingly, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### B. Parties

Plaintiff is a pro se prisoner incarcerated at the Montana State Prison.

The named Defendants are Warden Mike Mahoney, Assistant Warden Myron Beeson, Security Major Tom Wood, Sergeant Bill Bueller, and Correctional Officer Brian Durkin. All

named defendants are employed at Montana State Prison.

### C.     Procedural History

On June 12, 2007, Plaintiff moved to proceed in forma pauperis with this action under 42 U.S.C. § 1983. The motion was granted on July 6, 2007. (Document 4).

### D.     Plaintiff's Allegations

Plaintiff alleges that on October 27, 2006, a disturbance started in his unit, during which 85% of his personal property was destroyed. He specifically alleges that Officer Durkin cut Plaintiff's medicine bag from his neck. He contends that the loss of his medicine bag was a "spiritual loss" and that his medicine bag had to be destroyed because Plaintiff did not know what happened to it from October 27, 2006 until he was released from the max unit at the prison.

Plaintiff alleges that Defendants Mahoney, Beeson, Wood, and Bueller are liable because they were in charge of the prison and/or the unit at the time of the incident.

## II. PRESCREENING

### A. Standard

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing

fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide that the Court may dismiss the complaint before it is served upon the defendants if it finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ____, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Additionally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200 127 S.Ct. 2197, 167 L.Ed.2d 1081; *Cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice.").

**B. Fourteenth Amendment Due Process Claim**

In *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), the United

States Supreme Court explained that a state official's unauthorized taking of property under color of state law does not violate the Constitution if the State provides an adequate remedy for the deprivation:

> [A]n unauthorized *intentional* deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.

*Id.* at 533 (emphasis added); *see also Zinermon v. Burch*, 494 U.S. 113, 129-130, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). A state post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983. See *Hudson*, 468 U.S. at 531. In other words, unless the state deprives the plaintiff of the opportunity to be compensated for his lost property, the plaintiff has not been denied due process and has not, therefore, been deprived of his property without due process.

The Montana Tort Claims Act, Mont. Code Ann. §§ 2-9-101, *et. seq.*, provides an adequate post-deprivation remedy.[1] *See, e.g.*, Mont. Code Ann. § 2-9-101(1) (2001):

> "Claim" means any claim against [the State], for money damages only, which any person is legally entitled to recover as damages because of personal injury or property damage caused by a . . . *wrongful* act or omission committed by any [state] employee of the governmental entity while acting within the scope of his employment, under circumstances where the [State], if a private person, would be liable to the claimant for such damages.

The "prisoner exemption" of Mont. Code Ann. § 2-9-108(2) does not apply to intentional torts; the State remains liable for them, if a private person would be liable and if the intentional tort is

---

[1]The possibility that other factors, such as a statute of limitations, may intervene between a litigant and his recovery does not alter the fact that the Montana Tort Claims Act provides all the process that is constitutionally due.

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT / PAGE 4

committed within the scope of employment.[2] *Id.* Similarly, state employees are not immune from suit for intentional torts. To the extent the employees act outside the scope of their employment, they remain subject to liability themselves. Thus, adequate post-deprivation remedies are available.

It is true that the post-deprivation remedy rule "does not apply where deprivation is predictable, pre-deprivation process is not impossible, and the defendants are specifically charged with the authority to effect the deprivation charged." *Armendiaz v. Penman*, 31 F.3d 860, 866 (9th Cir. 1994) (citing *Zinermon*, 494 U.S. at 137-38), *vacated in part on reh'g en banc*, 75 F.3d 1311 (9th Cir. 1996).

In this case, however, this is not Plaintiff's claim. Plaintiff contends that his property was destroyed during a disturbance at the prison. This is not a predictable situation. Therefore, the post-deprivation remedy rule applies. Because the Court finds that the Montana Tort Claims Act is an adequate state post-deprivation remedy, Plaintiff cannot state a claim for an intentional deprivation of property under the Due Process Clause of the United States Constitution.

### III.  CONCLUSION

As Plaintiff has failed to state a federal constitutional violation, this matter will be recommended for dismissal. The Prison Litigation Reform Act prohibits prisoners from bringing in forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court should designate this case as a "strike" under this provision because

---

[2]Mere negligence by a state official does not deprive an individual of liberty or property for purposes of procedural due process. *Daniels v. Williams*, 474 U.S. 327, 330-331, 106  S.Ct. 662, 88 L.Ed.2d (1986).

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT / PAGE 5

Plaintiff's case fails to state a federal claim.  For this same reason, the Court should certify that any appeal of this matter would not be taken in good faith.  That is, the issues raised in this matter are frivolous.

Based upon the foregoing, the Court makes the following:

## RECOMMENDATION

Plaintiff's Complaint (Document 2) should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

The Court should order the Clerk to have the docket reflect that this dismissal counts as a strike pursuant to [28 U.S.C. § 1915(g)](28 U.S.C. § 1915(g)) based upon Plaintiff's failure to state a federal claim.

The Court should also certify pursuant to Rule 24(3)(1) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  Plaintiff's claim is frivolous and no reasonable person could suppose that an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to [28 U.S.C. § 636(b)(1)](28 U.S.C. § 636(b)(1)), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 22nd day of April, 2008.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT / PAGE 6