**FILED**

JUN 1 1 2008

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| FREDDIE JOE LAWRENCE, | ) | CV 07-36-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE MAHONEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Lawrence, a state prisoner proceeding pro se, has filed a Complaint under 42 U.S.C. § 1983 alleging that he was deprived of personal property in violation of the Fourteenth Amendment of the United States Constitution. Lawrence alleges that his property was taken during a disturbance in his unit at the Montana State Prison.

United States Magistrate Judge Keith Strong conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and

-1-

identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Strong issued Findings and Recommendations in which he recommends dismissal of the Complaint with prejudice for failure to state a claim upon which relief can be granted.  Judge Strong explained that a prison official's unauthorized taking of an inmate's personal property does not violate the Fourteenth Amendment if state law provides an adequate post-deprivation remedy, citing Hudson v. Palmer, 468 U.S. 517, 533 (1984).  He concluded that the Montana Tort Claims Act, Mont. Code Ann. § 2-9-101, provides such a remedy.  Judge Strong also noted that the post-deprivation remedy rule "does not apply where deprivation is predictable, pre-deprivation process is not impossible, and the defendants are specifically charged with the authority to effect the deprivation charged."  Armediaz v. Penman, 31 F.3d 860, 866 (9th Cir. 1994).  The Magistrate found that the exception does not apply here because the deprivation occurred during a disturbance in the Plaintiff's unit that could not have been predicted.

Plaintiff Lawrence timely objected, thereby preserving his right to de novo review of the record.  28 U.S.C. § 636(b)(1). The Plaintiff appears to argue in his objection that because he alleges that much of his property was taken from his cell after he was removed from the cell and sent to "max" during the disturbance, the exception to the post-deprivation remedy rule

-2-

applies.  Plaintiff's argument is unpersuasive.  Regardless of whether Plaintiff had been removed from his cell at the time of the deprivation, the alleged violation occurred in the process of a disturbance in the unit, the response to which cannot be entirely pre-planned by prison officials.  The unpredictable nature of such situations requires that some discretion be left to the prison officials charged with quelling the disturbance.  Any deprivation of property in such circumstances is unpredictable and must occur without pre-deprivation process.  The post-deprivation remedy rule therefore applies.

Plaintiff Lawrence requests in his objections that counsel be appointed to represent him.  There is no constitutional right to appointed counsel in a claim under 42 U.S.C. § 1983.  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn on other grounds, 154 F.3d 952, 962 (9th Cir. 1998).  However, the court may appoint counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)) under "exceptional circumstances."  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither of these factors is dispositive and both must be viewed together before reaching a decision.

Id. (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted) (§ 1983 action)); see also Smith-Bey v. Hospital Adm'r, 841 F.2d 751, 760 (7th Cir. 1988) (Bivens

action).

Plaintiff is seeking counsel to aide him further with his case against the State of Montana. He also claims a lack of legal knowledge. (Document 7, p. 5). To the extent that Plaintiff is seeking counsel to assist him with filing his objections, the motion will be denied. Plaintiff has sufficiently articulated the nature of his claims pro se, the Court has simply found that under the facts alleged, Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the motion to appoint counsel will be denied.

Upon de novo review, I agree with Judge Strong's Findings and Recommendations and adopt them in full. Accordingly, IT IS HEREBY ORDERED that the Complaint is DISMISSED for failure to state a claim upon which relief can be granted, and Plaintiff's motion for counsel is DENIED.

IT IS FURTHER ORDERED that this dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g). The Court certifies pursuant to Rule 24(3)(1) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 11 day of June, 2008.

Donald W. Molloy, District Judge
United States District Court

-4-